Peter Strojnik, 6464
THE LAW FIRM OF
PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
602-297-3019
www/strojnik.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| YP CORP., INC., a Nevada Corporation, previously known as YP.Net, Inc.<br><br>Plaintiff,<br><br>vs.<br><br>SITRICK AND COMPANY, INC., a California Corporation,<br>Defendants. | NO. CV 05-0769 PHX SRB<br><br>**NOTICE OF FILING DEMAND FOR ARBITRATION** |

On December 8, 2005, this Court granted Defendant's Motion Tom Compel Arbitration, and instructed Plaintiff to file a copy of the demand for arbitration within 30 days thereof (Exhibit "B").

This filing gives notice of the filing of the Demand for Arbitration as set forth in Exhibit "B" hereto.

-1-

1  RESPECTFULLY submitted this 9th day of January, 2006.

2                                       PETER STROJNIK, P.C.

3

4  _____
   Peter Strojnik
5  Attorney for Plaintiff

6  The original and one copy of the foregoing online filed this
7  9th day of January, 2006.

8  Courtesy copy e-mailed to:

9  Mark G. Krum, Esq.
10 **CHRISTENSEN, MILLER ET AL**
   10250 Constellation Bl., 19th Floor
11 Los Angeles, California 90067
   Attorney for Sitrick
12

13

14 _____

15

16

17

18

19

20

21

22

23

24

25

1  WO

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

YP Corp., Inc., a Nevada Corporation, previously known as YP.Net, Inc.,

    Plaintiff,

vs.

Sitrick and Company, Inc., a California Corporation,

    Defendant.

No. CV-05-0769-PHX-SRB

**ORDER**

    Before the Court is Defendant Sitrick and Company's Motion to Compel Arbitration and to Stay this Action Pending Completion of Arbitration (Doc. 8) and Plaintiff YP Corporation's Motion to Consolidate Cases (Doc. 2).

**I.  BACKGROUND**

    The events leading to this lawsuit began in the fall of 2003 when Plaintiff was preparing to file a lawsuit against a company called stocklemon.com and its principals, Andrew and Andrea Left ("the Lefts"). Prior to filing suit, Plaintiff and Defendant entered into a letter agreement ("Agreement") for Defendant "to provide investigative and public relations services regarding one Andrew Left."[1] (Pl.'s Resp. to Def.'s Mot. to Compel

---

[1] The actual Agreement said that Defendant was "to provide advice and public relations services in connection with legal services [Plaintiff] is handling." (Compl., Ex. A at 1.)



EXHIBIT "A"

1 | Arbitration ("Pl.'s Resp.") at 1.) Plaintiff filed suit in January 2004 against Stocklemon.com,
2 | the Lefts and others ("Stocklemon suit") for allegedly false and critical reports about Plaintiff
3 | that stocklemon.com had posted on its website.

4 |     Plaintiff alleges that after filing the Stocklemon suit it learned that Defendant had
5 | "conducted an unauthorized stakeout of the household of [the Lefts]." (Compl. ¶ 12.) During
6 | this stakeout, Plaintiff alleges that Defendant's agent(s) made direct contact with Andrea Left,
7 | spat on her, and so frightened Andrea Left that she suffered a miscarriage of her pregnancy.
8 | (Compl. ¶¶ 12, 17.) Based on this information about the unauthorized stakeout, Plaintiff says
9 | it filed for a voluntary dismissal of the Stocklemon suit on July 30, 2004, which the court
10 | granted. Plaintiff says it refused to pay Defendant any more money for its services "until the
11 | matter was sorted out." (Pl.'s Resp. at 4.)

12 |     On August 4, 2004, Defendant filed a demand for arbitration ("Original Arbitration")
13 | over the unpaid fees, and arbitration was scheduled for January 12, 2005. Plaintiff's
14 | arbitration brief contained several defenses including allegations that Defendant's performance
15 | was negligent, "entitling [Plaintiff] to offset." (Compl., Ex. C at 2.)

16 |     On January 7, 2005, the Lefts filed suit against Plaintiff in U.S. District Court in
17 | Arizona. The Lefts filed four counts alleging malicious prosecution, abuse of process, libel
18 | and slander, and assault and battery stemming from Defendant's alleged encounter with
19 | Andrea Left.

20 |     Based on the allegations in the Lefts' lawsuit, Plaintiff filed notice in the Original
21 | Arbitration of a newly matured tort-of-another claim against Defendant along with a motion
22 | for leave to file the new claim and a motion to continue the arbitration hearing. The arbitrator
23 | denied the motion to amend and the motion to continue, and the Original Arbitration took
24 | place on January 12 and 13, 2005. The arbitrator awarded Defendant the unpaid amount in
25 | the disputed invoices plus interest, attorney's fees and expenses for a total of $328,132.52.
26 | Defendant then filed a motion in U.S. District Court for the Central District of California for
27 | an order confirming the arbitration award ("Final Award") and entry of judgment.
28

- 2 -

|   |   |
|---|---|
| 1 | Following the Original Arbitration, Plaintiff filed this suit against Defendant alleging |
| 2 | negligence, breach of the covenant of good faith and fair dealing, and tort of another. The |
| 3 | gravamen of Plaintiff's Complaint is that Defendant had a duty to perform its responsibilities |
| 4 | with due regard for the rights of third parties, such as Andrea Left, and had a duty to not |
| 5 | subject Plaintiff to lawsuits and claims by third parties. Plaintiff seeks damages, including |
| 6 | the costs of defending itself in the Lefts' lawsuit, as well as punitive damages, attorney's fees |
| 7 | and costs related to this action. Plaintiff also filed a motion to consolidate this case with the |
| 8 | two related cases pending at that time in the U.S. District Courts for Central California and |
| 9 | Arizona–that is, Defendant's motion for confirmation of the Final Award[2] and the Lefts' suit |
| 10 | against Plaintiff.[3] |
| 11 | Defendant then filed the instant motion to compel arbitration ("Second Arbitration") |
| 12 | of the claims filed by Plaintiff and to stay Plaintiff's suit in this Court pending completion of |
| 13 | the Second Arbitration. Defendant argues that each of Plaintiff's three claims "arises from or |
| 14 | is based upon the [Agreement]." (Def.'s Mot. to Compel Arbitration ("Def.'s Mot. to |
| 15 | Compel") at 1.) Plaintiff responds that the Court should deny Defendant's motion because the |
| 16 | arbitrator in the Original Arbitration "relegated" Plaintiff's defenses and counterclaims to the |
| 17 | U.S. District Court for the District of Arizona. (Pl.'s Resp. at 3.) Plaintiff also argues that |
| 18 | Defendant should be judicially estopped from demanding arbitration now because Defendant |
| 19 | refused to arbitrate these same issues during the Original Arbitration. (Pl.'s Resp. at 4.) The |
| 20 | Court will address Plaintiff's arguments first because their outcomes affect the remainder of |
| 21 | this Order. |

---

[2] The district court in California has since granted Defendant's motion to confirm the Final Award, which Plaintiff is appealing to the Ninth Circuit Court of Appeals. (Pl.'s Resp. at 7.)

[3] On November 21, 2005, the U.S. District Court for the District of Arizona dismissed the Lefts' case with prejudice due to the plaintiffs' failure to comply with court-ordered deadlines.

- 3 -

## II. LEGAL STANDARDS AND ANALYSIS

### A. The Arbitrator's Decision

Plaintiff's brief in the Original Arbitration raised, as an affirmative defense, the issue of Defendant's alleged negligence in performing under the Agreement, thus "entitling Plaintiff to offset." (Compl., Ex. C at 2.) In addition, Plaintiff asserted six other defenses: (1) that Defendant overcharged for its services; (2) that Defendant failed to follow Plaintiff's instructions; (3) that Defendant "charged for services beyond the scope of the Agreement"; (4) that the Agreement was "too vague and ambiguous to be enforceable"; (5) that the "[Agreement] and performance were void for illegality"; and (6) any other defenses that may become available. (Compl., Ex. C at 2.) Later, just before the Original Arbitration took place, Plaintiff filed a motion to add the tort-of-another claim and to continue the hearing. Defendant argued in opposition to Plaintiff's motion to amend that the only claim Plaintiff might have against Defendant as a result of the Lefts' lawsuit was for indemnification and that such a claim was premature. (Def.'s Reply in Support of Mot. to Compel Arbitration at 4.)

The arbitrator made the following ruling on Plaintiff's motions for leave to file a tort-of-another claim against Defendant and to continue the arbitration hearing:

> The request to amend the response was opposed by [Defendant], which argued that it was premature. Accordingly, the request to amend the response was denied without prejudice to any and all claims that [Plaintiff] might make for indemnity and/or any other damages it may contend arise out of the alleged conduct of [Defendant] described in the Fourth Claim stated in the [Lefts' lawsuit]. As a sole exception to the assertion of such claims and defenses by [Plaintiff] and [Defendant] in connection with the [Lefts' lawsuit], the Award in this arbitration proceeding may not be cited by any party as a basis for a res judicata or a collateral estoppel claim or defense in connection with any claims, *whether*

- 4 -

> *by litigation or arbitration*, that may ensue arising out of the facts alleged in the Fourth Claim in the [Lefts' lawsuit].

(Def.'s Mot. to Compel, Ex. A at 4-5.) (emphasis added).

As to Plaintiff's other defenses, the arbitrator ruled that:

> [Plaintiff] failed to establish by the weight of credible evidence that [Defendant] charged for services beyond the scope of the engagement, or that [Defendant] overcharged for its services, or that [Defendant] failed to follow instructions in the performance of its services. Indeed, the undisputed testimony of [Defendant's] witnesses, as well as a substantial body of written evidence, all establish that [Defendant's] work was supervised and directed by [Plaintiff's then-Chairman and CEO] and other employees and agents of [Plaintiff] . . . . Additionally, it is difficult to imagine that any such claims could be established in light of the numerous writings that reflect [Plaintiff's] approval of [Defendant's] activities throughout the time it was performing services, [Plaintiff's] paying for those services without protest through and including July 2004, and [Plaintiff's] failure to bring to the attention of [Defendant] any discrepancies in connection with its invoices at any time prior to the filing of the arbitration demand, let alone within the twenty-day requirement of the engagement agreement.

(Def.'s Mot. to Compel, Ex. A at 5-6.)

Plaintiff reads the arbitrator's ruling to mean that the arbitrator "made a very specific determination that he would *not* consider [Plaintiff's] claims of negligence, offset, and tort-of-another," that those issues "were not arbitrable," and that the arbitrator "relegated the resolution of these issues to the United States District Court." (Pl.'s Resp. at 8.) The Court does not agree. First, the arbitrator did not state in the Final Award that he was "relegating"

- 5 -

1  Plaintiff's claims to the district court. Second, the arbitrator's Final Award merely denied
2  without prejudice Plaintiff's request to amend, and it specifically refers to future "litigation
3  or arbitration that may ensue arising out of the facts alleged in the Fourth Claim" of the Lefts'
4  lawsuit. (Def.'s Mot. to Compel, Ex. A at 5.) Thus, the arbitrator did not preclude future
5  litigation *or* arbitration of Plaintiff's claims. In fact, the final paragraph of the arbitrator's
6  decision says "[e]xcept as noted herein regarding to the claims and defenses relative to the
7  Fourth Claim of the [Lefts' lawsuit], this Award is in full settlement of all claims and
8  counterclaims submitted to this Arbitration, and all claims not expressly granted herein are
9  hereby denied." (Def.'s Mot. to Compel, Ex. A at 8.) Again, the arbitrator's Final Award
10 specifically carved out an exception for any claims related to the Lefts' lawsuit, and appears
11 to anticipate that the parties would either arbitrate or litigate any claims related to the Lefts'
12 lawsuit. Therefore, the Court does not find that the arbitrator "relegated" Plaintiff's current
13 claims to the district court.

### B.  Judicial Estoppel

15 Under the doctrine of judicial estoppel, "a litigant may not benefit by making directly
16 contradictory arguments regarding the same dispute in different tribunals." *Poweragent Inc.*
17 *v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1192 (9th Cir. 2004) (citing *Hamilton v. State Farm*
18 *Fire & Cas. Co.*, 270 F.3d 778, 782-83 (9th Cir. 2001)). When a party participates in an
19 arbitration and evinces its intent to be bound by the arbitrator's decision on the scope of the
20 arbitration, that party is estopped from later challenging the arbitrator's authority to determine
21 the issue of the arbitrator's jurisdiction. *See Tristar Pictures, Inc. v. Dir.'s Guild of Am.*, 160
22 F.3d 537, 540 (9th Cir. 1998). That is not the situation before the Court in this case.

23 Plaintiff argues that Defendant should be judicially estopped from arguing that the
24 arbitrator has jurisdiction over Plaintiff's current claims before this Court when Defendant
25 argued to the contrary during the Original Arbitration. Plaintiff's argument relates to
26 Defendant's statement, in its request for an order confirming the Final Award, that the
27 arbitrator's decision was "a mutual, final and definite decision" and that Plaintiff's
28 "(premature) claim for equitable indemnity was not a subject matter of Arbitration, which was

- 6 -

confined to [Defendant's] claim for payment from [Plaintiff] and [Plaintiff's] 'defenses' thereto." (Pl.'s Resp., Ex. H at 7.) Defendant also argued that the arbitrator's Final Award "resolved the subject matter of the Arbitration, [Defendant's] claim for monies owed and [Plaintiff's] 'defenses' thereto, such that no further litigation is necessary." (Pl.'s Resp., Ex. H at 7.) Plaintiff argues that these statements and Defendant's opposition to Plaintiff's motion to add the tort-of-another counterclaim in the Original Arbitration are tantamount to Defendant arguing that Plaintiff's new claims should not be decided in any arbitration but should be decided by the district court. (Pl.'s Resp. at 3.) Therefore, Plaintiff argues that Defendant should be judicially estopped from now arguing that Plaintiff's current claims are subject to arbitration. (Pl.'s Resp. at 3.)

Again, the Court does not agree that this is what Defendant is arguing. Nowhere does it appear that Defendant argued in the arbitration that Plaintiff's tort-of-another claim should be decided by the district court. What Defendant argued is that Plaintiff has, at most, a claim for indemnity, and thus Plaintiff's claims related to the Lefts' lawsuit were premature. Defendant's arguments before the arbitrator and before this Court, therefore, do not appear to be inconsistent and judicial estoppel is unwarranted.

### C. Motion to Compel Arbitration

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et. seq.*, provides that an arbitration provision in a written contract "evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section three authorizes a party to seek a stay of court proceedings pending arbitration. 9 U.S.C. § 3. Section four allows a party to an arbitration agreement to petition the court to compel arbitration. 9 U.S.C. § 4.

Section two of the FAA expresses "a congressional declaration of a liberal federal policy favoring arbitration agreements . . . ." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 24, 103 S. Ct. 927, 941 (1983). *See also Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999) ("The FAA reflects Congress' intent to provide for the enforcement of arbitration agreements within the full reach of the Commerce Clause.")

- 7 -

1 (citations omitted). While "a party cannot be required to submit to arbitration any dispute
2 which he has not agreed so to submit," *United Steelworkers of Am. v. Warrior & Gulf Nav.*
3 *Co.*, 363 U.S. 574, 582, 80 S. Ct. 1347, 1353 (1960), "any doubts concerning the scope of
4 arbitrable issues should be resolved in favor of arbitration . . . ." *Moses H. Cone Mem'l Hosp.*,
5 460 U.S. at 24-25, 103 S. Ct. at 941. Courts "ordinarily will not except a controversy from
6 coverage of a valid arbitration clause unless it may be said with positive assurance that the
7 arbitration clause is not susceptible of an interpretation that covers the asserted dispute."
8 *Marchese v. Shearson Hayden Stone, Inc.*, 734 F.2d 414, 419 (9th Cir. 1984) (internal
9 quotations and citations omitted).

10 It is against this backdrop of a federal policy favoring arbitration agreements that the
11 Court must determine whether Plaintiff and Defendant agreed to arbitrate Plaintiff's specific
12 claims of negligence, breach of the covenant of good faith and fair dealing, and tort of
13 another. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626,
14 105 S. Ct. 3346, 3353 (1985) ("[T]he first task of a court asked to compel arbitration of a
15 dispute is to determine whether the parties agreed to arbitrate that dispute"). The arbitration
16 clause of the Agreement at issue in this case provides as follows:

> If action be commenced to enforce any provision of this letter agreement, the prevailing party shall be entitled to reasonable attorney fees. Any controversy, claim or dispute *relating to this letter agreement* shall be resolved by binding arbitration in accordance with the rules of the American Arbitration Association pursuant to an arbitration conducted in Los Angeles County, California. Judgment upon such arbitration may be entered in any court having jurisdiction thereof. This letter agreement shall be interpreted and enforced in accordance with the substantive laws of the State of California applicable to contracts made and to be performed therein.

28 (Compl., Ex. A at 2-3.) (emphasis added).

- 8 -

This arbitration provision contains broad language. The Supreme Court has held that similarly broad language ("any controversy or claim arising out of or relating to this Agreement") encompasses the tort claim of fraud in the inducement. *Prima Paint v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 406, 87 S. Ct. 1801, 1807 (1967) (holding that claim of fraud in inducement of entire contract was for arbitrator in absence of evidence that contracting parties intended to withhold that issue from arbitration). The Ninth Circuit, noting that the "standard for demonstrating arbitrability is not high," held that an agreement to arbitrate "[a]ll disputes arising in connection with this Agreement" must be interpreted broadly and, thus, governed all of the plaintiff's statutory and common law claims of defamation, trade secret misappropriation, antitrust violations, and violations of the Lanham Act. *Simula, Inc.*, 175 F.3d at 720-21.

Courts give a much narrower interpretation to agreements to arbitrate disputes "arising under" an agreement that omit any reference to disputes or claims "relating to" the agreement. *See, e.g., Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983) (interpreting an agreement to arbitrate "[a]ny disputes arising hereunder or following the formation of joint venture . . . ."). In *Mediterranean*, the court held that the arbitration clause only covered the plaintiff's breach of contract and breach of fiduciary duty claims because those disputes "relat[ed] to the interpretation and performance of the contract itself." *Id.* However, the phrase "arising under" did not include the plaintiff's claims of quantum meruit and conversion or issues "which are predominantly unrelated to the central conflict over the interpretation and performance of the agreement." *Id.* at 1464-65. The Ninth Circuit came to a similar conclusion in *Tracer Research Corp. v. Nat'l Envtl. Servs. Co.*, 42 F.3d 1292, 1295 (9th Cir. 1994), *cert. dism.*, 515 U.S. 1187, 116 S. Ct. 37 (1995). In *Tracer*, the court interpreted an agreement to arbitrate "any controversy or claim arising out of this Agreement . . . ." *Id.* The court found the omission of the phrase "relating to" was significant and that the phrase "arising out of" limited the scope of the arbitration. *Id.* Thus, the court held that the plaintiff's claim of misappropriation of trade secrets was a tort independent of

- 9 -

the licensing agreement and not subject to arbitration because it did not relate to the interpretation or performance of the licensing agreement. *Id.*

The language in the Agreement between Plaintiff and Defendant does not limit itself to disputes "arising under" the contract. The Agreement calls for arbitration of "[a]ny controversy, claim or dispute *relating to* this letter agreement . . . ." (Compl., Ex. A at 3) (emphasis added). Because the parties chose to arbitrate all issues "relating to" the Agreement and not just those disputes "arising under" or "arising out of" the Agreement, the Court finds this language as expansive as agreements to arbitrate all claims "in connection with" an agreement. *See Simula, Inc.*, 175 F.3d at 720-21. Nor is there evidence that Plaintiff and Defendant intended to withhold from arbitration issues not related to the interpretation and enforcement of the Agreement. Therefore, all of Plaintiff's claims are subject to arbitration.

Moreover, Plaintiff alleges that the Agreement between the parties "contained the implied covenant of good faith and fair dealing" and that Defendant breached that covenant. (Compl. ¶¶ 41, 45.) This claim requires contract interpretation and enforcement, and clearly arises out of or relates to the Agreement. Plaintiff's negligence and tort-of-another claims allege that Defendant had a duty to perform its obligations under the Agreement with due regard for the rights of third parties and had a duty to not subject Plaintiff to lawsuits and claims by third parties. It cannot be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers these claims, *see Marchese*, 734 F.2d at 419, both of which relate to Defendant's performance under the Agreement. Consistent with the liberal terms of the parties' Agreement and the federal policy favoring arbitration, the Court will grant Defendant's motion to compel arbitration of all of Plaintiff's claims and stay these proceedings.

### D. Motion to Consolidate

Plaintiff moves the Court to consolidate this action with the Lefts' lawsuit in U.S. District Court for the District of Arizona and with Defendant's action to confirm the Final Award from the Original Arbitration. Because the district court has dismissed the Lefts' lawsuit with prejudice, the issue of consolidating this action with the Lefts' suit is moot. That

- 10 -

leaves the possibility of consolidating this action with the action to confirm the Final Award.

Federal Rule of Civil Procedure 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Under Rule 42 "[t]he district court has broad discretion . . . to consolidate cases pending in the *same* district." *Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989) (citations omitted) (emphasis added). A court, however, may not consolidate actions pending in different districts; "[t]he cases to be consolidated must be 'pending before the court.'" *Swindell-Dressler Corp. v. Dumbauld*, 308 F.2d 267, 273 (3d Cir. 1962) (citations omitted). Defendant filed its motion to confirm the Final Award in the U.S. District Court for the Central District of California, and the court confirmed the Final Award and entered judgment for Defendant. Plaintiff is now appealing that judgment. Thus, the case is not pending in this district, and it would be improper to consolidate these two actions. Therefore, Plaintiff's motion to consolidate is denied.

**IT IS ORDERED** granting Defendant's Motion to Compel Arbitration (Doc. 8).

**IT IS FURTHER ORDERED** staying this action pending completion of arbitration. Plaintiff must file a copy of the demand for arbitration within thirty days of this Order or this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Consolidate cases (Doc. 2).

DATED this 8th day of December, 2005.

*Susan R. Bolton*
Susan R. Bolton
United States District Judge

- 11 -

Subj: **Online Filing Confirmation**
Date: 1/9/2006 12:07:49 P.M. US Mountain Standard Time
From: webcase@adr.org
To: strojnik@aol.com

 American Arbitration Association
*Dispute Resolution Services Worldwide*

Dear Peter Strojnik,

This will acknowledge receipt of your filing for arbitration/mediation using the AAA's WebFile.

The confirmation number of the claim you have filed is: **002-HYM-C27**.
You can view this filing by visiting the following link.https://apps.adr.org/webcase2/index.htm

A copy of your Online Demand is attached to this email.

The Case Manager assigned to this matter will contact you shortly.
Thank you for using the AAA's on-line filing system.



EXHIBIT "B"

Monday, January 09, 2006 America Online: Strojnik

# Online Filing Demand For Arbitration/Mediation Form

This concludes your filing.
Thank you for submitting your claim to the AAA.
Your claim confirmation number is: 002-HYM-C27

To institute proceedings, please send a copy of this form and the Arbitration Agreement to the opposing party.

**Your dispute has been filed in accordance with:** Commercial Dispute Resolution Procedures
**This Claim has Been Filed For:** Arbitration
**Filing Fee:** $1,800.00

## Additional Claim Information

**Claim Amount:** $100,000.00
**Claim Description:** Claim as asserted in the US District Court, Arizona, in cause number CV 05-0769, attached. This arbitration is a result of order transferring the case to arbitration in said case.
**Arbitration Clause:** See upload document
**Hearing Locale Requested:** Los Angeles, CA
**Contract Date:** 10/10/2003
**Number of Neutrals:** 1

### Claimant

**Name:**
**Company Name:** YP.Corp, Inc.
**Address:** 4840 E. Jasmine Street
Suite 105
Mesa, AZ 85205
**Tel#:** 480-860-0011
**Fax#:**
**Email:**
**Include in Caption:** Company

### Representatives

**Name:** Peter Strojnik
**Company Name:** Peter Strojnik, P.C.
**Address:** 3030 N. Central Avenue
Suite 1401
Phoenix, AZ 85012
**Tel#:** 602-297-3019
**Fax#:** 602-297-3176
**Email:** strojnik@aol.com

### Respondent # 1

**Name:**
**Company Name:** Sitrick And Company, Inc.
**Address:** 1840 Century Park East
Suite 800
Los Angeles, CA 90067
**Tel#:** 310-788-2850
**Fax#:** 310-788-2855
**Email:**
**Include in Caption:** Company

### Representatives

**Name:** Mark Krum
**Company Name:** CHRISTENSEN, MILLER ET AL
**Address:** 10250 Constellation Bl., 19th Floor
Los Angeles, CA 90067
**Tel#:** 310-553-3000
**Fax#:** 310-556-2920
**Email:**

To institute proceedings, please send a copy of this form and the Arbitration Agreement to the opposing party.
Your demand/submission for arbitration/mediation has been received on 01/09/2006.